(March 9, 1978)

■ In the Matter of EMANUEL C. AQUART, Petitioner, v GEORGE SCHOEPFER, as Executive Officer and Chief Engineer of the Triborough Bridge and Tunnel Authority, et al., Respondents.—Determination, dated August 13, 1976, dismissing petitioner from his position as a bridge and tunnel officer because of his misregistration and nonregistration of 33 vehicles passing through his toll lane, unanimously annulled, on the law, and this matter remanded for a new hearing, without costs and without disbursements. Cross motion to dismiss the petition for legal insufficiency unanimously denied, without costs and without disbursements. The petitioner was found guilty on 33 specifications for either misregistering or nonregistering vari-

ous vehicles for his own personal benefit while collecting tolls on the Triborough Bridge during his tour on May 12, 1976. The determination was primarily based upon the testimony of two lieutenants in the Triborough Bridge and Tunnel Authority. These two "checkers" observed the petitioner's lane through binoculars from a distance of 500 feet. Normally, an overhead indicator flashed the classification of a vehicle as the appropriate toll was collected by a toll officer. Based upon their experience and their observations of the indicator over petitioner's booth, the "checkers" were purportedly able to ascertain that the petitioner had misregistered or nonregistered 33 vehicles during his tour. Their testimony was buttressed by a computerized statistical analysis that suggested the petitioner had not collected the full amount of tolls ordinarily collected on that tour on that day of the week. As a result of its investigation, the authority claimed a discrepancy of $36.65 between petitioner's actual and his projected receipts. This court is warranted in setting aside an administrative determination when there is no substantial evidence of a competent, probative force to sustain it. (*Matter of Reynolds v Triborough Bridge & Tunnel Auth.*, 276 App Div 388, 392.) Both "checkers" testified that the overhead classification indicator malfunctioned intermittently during petitioner's entire tour. Since the misregistration or nonregistration of a particular vehicle could have been attributable to this mechanical malfunction rather than the petitioner's dishonesty, the hearing officer should have excluded the "checkers" testimony as it related to their observations of the overhead indicator. Likewise, the computerized statistical analysis should not have been received in evidence because a decrease in toll revenues on any particular day could be caused by many factors other than the petitioner's alleged fraudulent practices. In sum, the petitioner was denied a fair hearing by the admission of the incompetent evidence discussed above. Therefore, the instant determination must be annulled and a new hearing ordered. The authority's cross motion to dismiss the petition for legal insufficiency is correspondingly denied for its lack of merit. Concur—Murphy, P. J., Lupiano, Birns, Yesawich and Sandler, JJ.